**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
KABRESHA GLOVER,                                    Case No.

                          Plaintiff,       **COMPLAINT**

      -against-

                                                  **Jury Trial Demanded**

CITYWIDE SECURITY & PRIVATE
INVESTIGATION INC., TERENCE DUNCAN
and KRYSTAL RIVERA,

                          Defendants.
-------------------------------------------------------------X

Plaintiff Kabresha Glover ("Glover" or "Plaintiff") alleges against Defendants Citywide Security & Investigation Inc. ("CWSP" or the "Company"), Terence Duncan ("Duncan") and Krystal Rivera ("Rivera") (collectively, "Defendants") upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. CWSP claims on its website (www.cwspsecurity.com) that its "personnel are made for this. The extensive research, resources, certifications, and training that go into every client's security, be it for a hospital, construction site, school, private business, or event, is inimitable. We don't take shortcuts. We do it all the way. So you can be fully covered from any sabotage, vandalism, criminals and what-not. In our contemporary world, safe and sound is inferred as a fairy tale state of existence, but with Citywide at your doors, you and your property can live and go about happily ever after again."

2. Unfortunately, while the Company's clients may feel secure, the Company's own employees, especially female employees like Glover, who was sexually harassed on an ongoing and pervasive basis, do not feel safe and cannot 'go about happily ever after again.'

3. Thankfully, the New York State and New York City anti-discrimination and anti-retaliation laws are intended to afford the same rights as all employees, no matter their gender, and provide them with the dignity and respect they deserve in the workplace.  As such, this is an action for declaratory, injunctive and monetary relief to redress Defendants' unlawful employment practices, including unlawful discrimination, a hostile work environment and retaliation committed against the Plaintiff.

4. As such, Glover complains pursuant to the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") seeking damages to redress the injuries she has suffered as a result of being discriminated against, forced to endure a hostile work environment and retaliated against by her former employer on the basis of her gender / sex.

**JURISDICTION AND VENUE**

5. This Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

6. Glover, at all times relevant to the Complaint, was, and still is, a citizen of the State of New Jersey.

7. CWSP, at all times relevant to this Complaint, was, and still is a New York domestic business corporation.

8. Duncan, at all times relevant to this Complaint, was, and still is, a citizen of New York.

9. Rivera, at all times relevant to this Complaint, was, and still is, a citizen of New York.

10. The allegations contained within this Complaint indicate that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment

practices alleged herein, occurred in this district. Defendants' business and employment records are also located in this district.

## PARTIES

12. Plaintiff Kabresha Glover ("Glover" or "Plaintiff") is a resident of Essex County in the State of New Jersey.

13. Defendant Citywide Security & Private Investigation Inc. ("CWSP" or the "Company") was and is a domestic business corporation existing under the laws of the State of New York.

14. CWSP was and is authorized to conduct business in the State of New York.

15. CWSP was and is located at 1279 50th Street, Brooklyn NY 11219.

16. CWSP performed security work at 1101 Manor Avenue, Bronx NY 10472.

17. Defendant Terence Duncan ("Duncan") was and is resident of the State of New York.

18. Duncan was employed by CWSP.

19. Duncan was employed by CWSP as a Captain.

20. Duncan was employed by CWSP as a Field Supervisor.

21. In that role, Duncan was Glover's supervisor.

22. Defendant Krystal Rivera ("Rivera") was and is a resident of the State of New York.

23. Rivera was employed by CWSP as a Site Supervisor.

24. Rivera was employed by CWSP at 1101 Manor Avenue, Bronx NY 10472.

25. In that role, Rivera was Glover's direct supervisor.

## FACTUAL ALLEGATIONS

26. From approximately February to March 2021, Glover first worked for CWSP.

27. Glover worked as a security guard at 1101 Manor Avenue, Bronx NY 10472.

28. Glover earned $16.00 per hour.

29. Glover resigned her employment in March 2021.

30. On or about May 5, 2021, Glover recommenced employment with CWSP.

31. Once again, Glover worked as security guard at 1101 Manor Avenue, Bronx NY 10472.

32. Glover earned $16.00 per hour.

33. Due to Glover's stellar performance, Glover was promoted to sergeant in approximately September 2021.

34. With the promotion, Glover received a pay increase to $17.50 per hour.

Sexual Harassment & Hostile Work Environment by Duncan

35. In approximately October 2021, Duncan and Glover interacted for the first time.

36. From that point forward, Duncan persisted in sexually harassing Glover.

37. At the end of October 2021, Duncan texted Glover a picture of his penis.

38. In addition to the picture, Duncan wrote to Glover, I'm so sorry I couldn't help myself. You've been turning me on.

39. When Glover reported this to Rivera (the site supervisor), Glover was told, Don't think you'll be blackmailing anybody.

40. Frustrated that Rivera was not taking her complaint seriously, Glover called Duncan on the phone the next day, with Rivera present. On the phone call, Duncan said that he sees a lot in Glover and doesn't want to force sex with her but it can happen. Duncan also told Glover that he used to be a police office, is golden and doesn't have to force any young woman to have sex with him.

41. In approximately the end of October 2021, Duncan texted Glover, Are you free around 10.30am? We might need extra officers at this detail in union NJ. Glover replied, No I'm tired I'm going home after this covid test. Duncan then said, But I might need you. Glover

responded, What happened to your stink attitude yesterday though.  Duncan replied, **You pass me off.  Stood me up twice.  All you had to do is tell me you can't make it.  I want trying to Fuck you, just was invited you too have dinner with me.  Some friend you are.**

42. On multiple occasions, Duncan asked Glover to come to the hotel to meet him.

43. Specifically, Duncan would tell Glover, Come to the hotel, let's get drinks and dinner.  I eat the same thing every night, you'll give me inspiration to get something different.

44. Duncan lived in upstate New York and would stay overnight at a hotel when he visited the New York City CWSP sites.

45. On a separate occasion, Duncan asked Glover to send him pictures of her 'ass' and 'pussy.'  Glover initially refused, but ultimately did send Duncan fake pictures of a girl off of Google.  When Duncan realized the pictures were not Glover, Duncan got furious.

46. On or about November 17, 2021 (Glover's son's birthday), Duncan called Glover and asked her to meet him at the hotel bar.  After Glover initially said No, Duncan persisted saying that if she did not come it would be a problem.  Duncan continued, I'm tired of you standing me up.  I bought all this Hennessy.  I want you to come here and chill with me.  Glover refused and blocked Duncan's phone number.

Sexual Harassment & Hostile Work Environment by Rivera

47. The sexual harassment that Glover faced was not just limited to Duncan.

48. On an ongoing and pervasive basis, Rivera also sexually harassed Glover and forced her to endure a hostile work environment.

49. Rivera made a number of inappropriate unwelcome sexual comments to Glover, including but not limited to:

    a) I eat good pussy;

b) I have my eye on you because you have a big butt; and

c) I can show you a few things.

50. In approximately October 2021, Rivera was speaking with another female CWSP employee (name currently unknown) in Glover's presence. The female employee told Rivera that she was in a relationship with a man who was incarcerated. However, her incarcerated husband allowed her to have sex with women. In response, Rivera said that she is an expert at having sex with women.

51. Rivera continued by saying her hands are amazing, saying specifically, I know what to do with my hands.

52. Rivera then turned to Glover and asked if she wanted to go with her to an underground sex orgy party, saying there was one downtown.

53. Glover declined and told Rivera that she was in a relationship with a main, is straight and has a son.

54. Nonetheless, Rivera persisted in her advances stating, Live a little. Experience what it is like to be a woman.

55. Rivera said that she is always ready to have sex with a woman; she even has her dildo in her car.

56. Around February 2022, Rivera texted on a group chat, Gotta get rich so ya can go on free vacations on if that fat fat (vagina) right tho all on della ya so ya better make sure your friend take care of ya lmao and Nah nah your pushing it I don't think you read it right lol I said the fat fat (vagina) right lol. Rivera was referring to her interest in the vagina of Kardella (last name unknown) – a CWSP co-worker at the time.

Retaliation

57. Alan Dallas ("Dallas") was Glover's boyfriend.

58. Dallas was involved in a business venture with Rivera – Glover's supervisor.

59. When the venture went south in late February 2022, Rivera retaliated against Glover by terminating her employment.

60. In late February 2022, Rivera texted Alan, Say less bro.  Kabresha (Glover) can no longer step foot at the job dead ass.  Ya don't care about me I'm not gonna care either.  She will no longer be a supervisor.  She way pay this bread since you want to pay me n not tell me anything or sent me any of my bread (money).

61. Glover immediately complained to Duncan.

62. No remedial action was taken in response to Glover's complaint.

63. Rather, on or about February 24, 2022, Glover was removed from the CWSP supervisor and employee chats, effectively terminating Glover's employment.

64. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

65. As a result of the Defendants actions, Plaintiff has suffered lost wages.

66. As a result of the Defendants actions, Plaintiff suffered severe emotional distress.

67. As Defendants conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages.

**FIRST CAUSE OF ACTION**
**(Gender Discrimination in Violation of NYCHRL)**

68. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

69. By the actions described above, among others, Defendants have discriminated against Plaintiff because of her gender / sex in violation of the NYCHRL.

70. As a direct and proximate result of Defendants unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## SECOND CAUSE OF ACTION
### (Hostile Work Environment in Violation of NYCHRL)

71. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

72. By the actions described above, among others, Plaintiff was treated less well because of her gender / sex.

73. The Defendants created a hostile work environment for Plaintiff, in violation of the NYCHRL.

74. As a direct and proximate result of Defendants unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of NYCHRL)

75. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

76. By the actions described above, among others, Defendants have retaliated against Plaintiff by, *inter alia*, terminating her in violation of the NYCHRL for engaging in protected activity.

77. As a direct and proximate result of Defendants unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## FOURTH CAUSE OF ACTION
### (Gender Discrimination in Violation of NYSHRL)

78. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

79. By the actions described above, among others, Defendants have discriminated against Plaintiff because of her gender / sex in violation of the NYSHRL.

80. As a direct and proximate result of Defendants unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## FIFTH CAUSE OF ACTION
### (Hostile Work Environment in Violation of NYSHRL)

81. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

82. By the actions described above, among others, Plaintiff was treated less well because of her gender / sex.

83. The Defendants created a hostile work environment for Plaintiff, in violation of the NYSHRL.

84. As a direct and proximate result of Defendants unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## SIXTH CAUSE OF ACTION
### (Retaliation in Violation of NYSHRL)

85. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

86. By the actions described above, among others, Defendants have retaliated against Plaintiff by, *inter alia*, terminating her in violation of the NYSHRL for engaging in protected activity.

87. As a direct and proximate result of Defendants unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

B. An injunction and order permanently removing and clearing information to the contrary contained in Plaintiff's employee file and restraining Defendants from engaging in such unlawful conduct;

C. An award of compensatory damages as of result of Defendants' violation of the NYSHRL and NYCHRL;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for her mental anguish, humiliation,

embarrassment, stress and anxiety, emotional and psychological pain and suffering, emotional and psychological distress;

F. An award of punitive damages;

G. An award of prejudgment and post-judgment interest;

H. An award of costs and attorneys' fees pursuant to applicable law; and

I. An award of such other relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: October 11, 2022
      New York, New York

      Respectfully submitted,

      **Akin Law Group PLLC**

      */s/ Robert D. Salaman*
      _____

      Robert D. Salaman
      45 Broadway, Suite 1420
      New York, NY 10006
      (212) 825-1400
      rob@akinlaws.com

      *Counsel for Plaintiff*